MARÍN, PETITIONER, v. ACOSTA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Mayagüez.

No. 332.—Decided April 27, 1922.

CERTIORARI.—The procedure of which the petitioner complains having been substituted by the district court for another according to law, it would serve no practical purpose in this case to inquire into and decide whether or not such procedure was erroneous; therefore the writ should be discharged.

The facts are stated in the opinion.
*Mr. L. Feliú* for the petitioner.
*Mr. M. Acosta Velarde* for the respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Angel Acosta Quintero brought an action for damages for libel against Eugenio Lecompte and Genaro Cortés.

After the complaint was filed an attachment to secure the judgment to be rendered was granted and levied on properties of the defendants, who moved that a bond be accepted and the attachment be dissolved. The court sustained the motion. Manuel Marín and Blás Rodríguez furnished the bond and the action was proceeded with.

On April 1, 1921, the district court rendered judgment for the plaintiff for the sum of $1,000. Thereafter the parties agreed upon the sum of $200 for costs. On August 20, 1921, an order was made for the forfeiture of the bond given, as stated, to secure the effectiveness of the judgment, in accordance with section 16 of the Act governing the matter, as amended by Act No. 27 of 1916, Acts of 1916, p. 77.

The said section reads as follows:

"After final judgment has been pronounced in favor of a litigant who has obtained a warrant of attachment to secure the effectiveness of said judgment, if said warrant of attachment shall have been suspended or rendered ineffective by virtue of a bond or deposit, the forfeiture of the bond in favor of the aforesaid litigant shall be decreed, and an order of execution against the party sentenced by judgment shall be issued. If the order of execution is returned unexecuted in whole or in part, a new order of execution shall be issued against the bondsmen for the unsatisfied remainder, the procedure established in sections 307 and 312, inclusive, of the Code of Civil Procedure, to be followed against said bondsmen."

On September 1, 1921, the plaintiff filed a sworn statement giving a history of all the facts as follows: An attempt was made to levy execution on properties of the defendants. Lecompte had none. Some properties of Cortés were levied on, but an action of intervention was sustained holding that the properties belonged to another person. For these reasons the plaintiff moved that the bondsmen be summoned

to show cause, if any, why they were not bound by the judgment. The court sustained the motion.

On the same day, September 1st, 1921, the plaintiff moved for the attachment of properties of the bondsmen to secure the judgment and the court sustained the motion. An attachment was issued and levied on properties of Marín, one of the bondsmen.

The bondsmen not having appeared, on October 22, 1921, the plaintiff moved for execution of the judgment and the court sustained the motion in the following terms:

"Considering the motion of the plaintiff in the above-entitled case and the circumstances of the case, the court sustains the motion and, consequently, orders that the clerk of this court issue to the marshal thereof the corresponding writ of execution to be levied on properties of the bondsmen in this case, Manuel Marín and Blás Ramírez, sufficient to cover the amount claimed in the affidavit made by the plaintiff for that purpose, as the same appears in the record.— Done this 25th day of October, 1921.—Tomás Bryan, Judge."

On October 27, 1921, the writ was issued and execution was levied on the same properties that had been attached to secure the effectiveness of the judgment on September 2, 1921. On November 19, 1921, the properties so levied on were sold at public auction after the necessary preliminaries had been complied with.

All of the facts stated appear from the original record in the action for damages brought up to this court by virtue of a writ of certiorari applied for by Marín and submitted to the consideration of the court.

Several questions were raised and argued at length by the learned attorneys for both parties, but these questions have unnecessarily complicated the decision of the case.

All of the force of the argument of petitioner Marín rests on the contention that the court below acted without jurisdiction in granting an attachment of properties of the bondsmen to secure the effectiveness of the judgment. He is of

the opinion that in accordance with the special law governing the matter an attachment can be granted only when an action has been brought by filing a complaint, and he contends that no action was brought in that manner against the bondsmen in this case.

But even if we should sustain the petitioner's contention, we would still find that the incidental procedure of which he complains was virtually set aside in the district court and substituted by an order of execution lawfully made which was complied with, and the property was not only levied on, but sold.

This being so, the interference of this court in the matter would serve no practical purpose. *Estate of Vall* v. *Muñoz, District Judge,* 14 P. R. R. 331. Therefore, the writ must be discharged and the case remanded to the court of its origin.

*Writ discharged.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.